IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal No. 12-125-CB-1 |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| DAMON BOYD, | ) | |
| USMS 05889068 | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On May 15, 2012, Defendant Damon Boyd was indicted on charges of drug conspiracy and possession with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846. (Doc. 1 at 1-2). On September 4, 2012, Defendant Boyd filed a motion to suppress drug evidence that was seized from his automobile during a traffic stop on February 1, 2012.[1] (Docs. 46 and 47). A hearing on this matter was held on October 26, 2012.

The Fourth Amendment to the Constitution of the United States prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. Generally, for a search or seizure to be considered "reasonable" it must be effectuated by a warrant based on probable cause. See, e.g., United States v. Robertson, 305 F.3d 164, 167 (3d Cir. 2002) (citing Katz v. United States, 389 U.S. 347, 356-57 (1967)). One exception to the warrant requirement is that an automobile may be searched without a warrant merely based on the existence of probable cause to believe that the vehicle contains contraband. See, e.g., Pennsylvania v. Labron, 518 U.S. 938, 940 (1996).

During the course of the hearing on this motion, the government presented the testimony of Shane Countryman, the officer who conducted the search that is the focus of Defendant Boyd's motion. Based on his testimony, this Court concludes that probable cause existed at the

---

[1] Defendant Boyd does not contest the validity of the underlying stop itself.

1

time of the search that contraband was located in the automobile. In light of the automobile exception to the warrant requirement, Defendant Damon Boyd's motion to suppress (Doc. 46) is DENIED.[2]

IT IS SO ORDERED.


November 15, 2012                                  s/Cathy Bissoon
                                                                   CATHY BISSOON
                                                                   UNITED STATES DISTRICT JUDGE

cc (via ECF email notification):

All Counsel of Record

---

[2] Additionally, Countryman's testimony makes it clear that such evidence inevitably would have been discovered independently of any purported constitutional violation. See, e.g., United States v. Vazquez De Reyes, 149 F.3d 192, 194-95 (3d Cir. 1998).